## SUFFICIENCY OF AFFIDAVIT TO SET ASIDE A DEFAULT JUDGMENT.

Circuit Court of Cuyahoga County.

### A. B. KATZ v. J. FRIEDMAN.

Decided, October 21, 1907.

*Justice Court Practice—Affidavit to Support Motion to Set Aside Default Judgment, When Sufficient.*

An affidavit, filed with a justice of the peace in support of a motion to set aside a judgment rendered in the absence of the defendant, which states that the defendant could not be present at the time set for trial and had instructed his attorney to be present and attend to the matter and that the attorney was actually engaged in the trial of a case in another court at that hour and could not be present, is sufficient to support an order setting aside said judgment.

*Feniger & Kastriner*, for plaintiff in error.
*C. W. Noble*, contra.

MARVIN, J.; WINCH, J., concurs; HENRY, J., not sitting.

Katz brought a suit against Friedman before a justice of the peace—summons made returnable at 2 P. M., October 11, 1905. On that day the defendant failed to appear, and the justice proceeding to act under authority of Section 6577, Revised Statutes, took the testimony of one witness on behalf of the plaintiff and rendered judgment in his favor.

On the 13th of October, 1905, the defendant filed a petition to set aside the judgment thus rendered in his absence and in support of said motion filed the affidavit of defendant's attorney. The hearing of this motion was continued once or twice, and finally the plaintiff filed a motion with the justice to overrule the said motion of the defendant. This was of course unnecessary. The defendant's motion was on file and the court had it to rule upon, and if error was committed in this case it would have been committed in the same way without the filing

of this last motion of the plaintiff. The result of the hearing of the two motions was that the judgment taken by the plaintiff against the defendant on the 11th of October, 1905, was set aside and the case set down by the justice for hearing at a later day. The case is still pending before the justice.

The plaintiff prosecuted error to the court of common pleas from the order of the justice setting aside the judgment of October 11. The court affirmed the action of the justice, and the plaintiff has now prosecuted error here to this judgment of affirmance.

The authority for the setting aside of a judgment by a justice of the peace taken before him in the absence of the defendant against whom the judgment is rendered, is found in Section 6578, Revised Statutes. By this section all the steps to be taken and things to be done in order to have such judgment set aside, are specifically pointed out, and it is conceded that all these things were done, except the provision that the motion shall show under oath of the defendant, his agent or attorney, a good and sufficient reason for the absence of the defendant at the time of the trial.

The only affidavit filed in support of the motion in this case reads as follows:

"THE STATE OF OHIO, CUYAHOGA COUNTY, ss.

"Conway W. Noble being duly sworn says that he is the attorney of J. Friedman, the defendant in the above case, and was such attorney at the return day in said case and on the day and at the time the same was set for trial, and was instructed by said J. Friedman to attend to the cause for him, as he could not be present; that at the hour set for trial, to-wit, 2 o'clock P. M., October 11, 1905, he was actually engaged in the trial of a criminal case in the police court of the city Cleveland, and could not be present before said justice.

"CONWAY W. NOBLE.

"Sworn to and subscribed before me October 12th, 1905.

".VERNON L. SANFORD,

" (Seal.) 			  *Notary Public.*"

A fair construction of this affidavit is that the defendant was absent because he had entrusted the matter to his attorney, with

information that he could not be present. He relied upon his attorney, who gives the reason for his absence, and, if we have fairly construed the affidavit, gives a reason for the defendant's absence.

The justice held the reason for the absence good and sufficient. We are not prepared to say that he erred in reaching this conclusion; the result is that the judgment of affirmance by the court of common pleas is affirmed.

At the hearing of this case it was suggested from the bench that there might be doubt as to the right to prosecute error in a case like this, and this judgment does not commit us on this question. Had we found that the justice erred in setting aside the judgment, we should have felt bound to determine this question, but, as the plaintiff loses his case whichever way we might decide that question, we do not care to consider it.